UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

W. DAVIS C. COCHRAN, JR., et al.,

      Plaintiffs,

-v-                                        Case No.  3-:04-CV-024

VENDMASTERS, INC., et al.,

                                                   Judge Thomas M. Rose

      Defendants.

_____

**ENTRY AND ORDER OVERRULING PLAINTIFFS' MOTION AND AFFIDAVIT FOR ATTORNEY FEES (Doc. #38)**
_____

      Now before the Court is Plaintiffs' Motion and Affidavit for Attorney Fees. (Doc. #38.) This motion was filed on May 23, 2005, and there have been no responses. It is, therefore, ripe for decision. The relevant procedural background will first be set forth followed by an analysis of the motion.

### PROCEDURAL BACKGROUND[1]

      The Complaint in this matter was originally filed on January 27, 2004. Counsel for the Plaintiffs sent a copy of the Complaint, a Summons and a waiver form to Defendant Floyd Perkins ("Perkins") via first class U.S. mail. This mailing was not returned to Counsel for the Plaintiffs nor was the waiver form. (Doc. #27.)

      The Clerk's Office then issued a summons via certified mail service to Perkins' last known address. (Doc. #8.) This mailing was returned undelivered. (Doc. #10.)

---

[1]Because Plaintiffs' assertions are uncontested and generally supported by the docket and declarations by their Counsel, the Court accepts them as true for purposes of this motion.

Personal service on Perkins was then attempted by Deputy Richard Cabot of the Cuyahoga County, Ohio, Sheriff's Office. (Doc. #27.) This service was returned with the statement that Perkins was not found in Cuyahoga County and moved elsewhere. (Doc. 28.)

Plaintiffs' Counsel then obtained leave of Court to effect service on Perkins by publication. (Doc. #27.) Leave was granted and service by publication was effectuated. (Doc. #35.) Perkins did not respond. In due time and upon application by Plaintiffs, default was entered by the Clerk of this Court. (Doc. #40.) Plaintiffs now seek attorneys' fees and costs pursuant to Fed.R.Civ.P. 4(d)(5) from Perkins for his failure to respond to the Summons and Complaint.

## ANALYSIS

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first class mail or other reliable means, of the commencement of an action and by providing a request that the defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Fed.R.Civ.P. 4(d)(2).

If the Defendant does not comply with the request to waive service of summons, the court "shall impose the costs subsequently incurred in effectuating service on the defendant unless good cause for the failure be shown." Fed.R.Civ.P. 4(d)(2)(G). The costs to be imposed upon the defendant for failure to waive service of summons "shall include the costs subsequently incurred in effectuating service under subdivision (e), (f) or (h) together with the costs, including reasonable attorney's fee, of any motion required to collect the costs of service." Fed.R.Civ.P. 4(d)(5).

In this case, a Complaint, a Summons and a waiver form were sent to Perkins via first class U.S. mail. Since this letter was not returned, receipt thereof by Perkins is assumed.

Perkins did not subsequently waive service so it was necessary for Plaintiffs to serve their Complaint on Perkins. The Plaintiffs attempted service by certified mail and personal service. Neither was successful. Plaintiffs then completed service by publication. Since Perkins received proper notice and failed to waive service, the Plaintiffs may recover their costs in effectuating service along with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

The Plaintiffs now seek $4,506.96 in attorney's fees and $393.91 in expenses for "legal services rendered" in the "above captioned matter." (Doc. #38.) A review of the attorney's fees being sought by Plaintiffs reveals, among others, charges for "draft of lawsuit," charges for various telephone conferences with counsel for defendants other than Perkins, charges for consultations with the Plaintiffs, charges for preparation of a motion to compel and charges of preparation and filing of a motion for entry of default. However, Fed.R.Civ.P. 4(d)(5) does not entitle Plaintiffs to these charges.

Further, one of the expenses sought presumably includes a cost for "summon and Complaint" to Vend Star who is not the subject of this Motion. However, Fed.R.Civ.P. 4(d)(5) does not provide for the levying of this expense against Perkins.

Therefore, Plaintiffs' Motion and Affidavit for Attorneys Fees is OVERRULED. While Plaintiffs have shown that they are entitled to recover costs from Perkins pursuant to Fed.R.Civ.P. 4(d), they sought more from Perking than the amount to which they are entitled. Plaintiffs are welcome to submit properly authenticated request for the costs in effecting service

on Perkins under subdivision (e), (f) and (h) and for the costs, including attorney's fee of their motion to collect the costs of service.

**DONE** and **ORDERED** in Dayton, Ohio, this 19th day of October, 2005.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record